PER CURIAM
*599 Defendant was convicted of felony driving under the influence of intoxicants (DUII), ORS 813.010, and criminal driving while suspended, ORS 811.182(4), after a stipulated facts trial. He appeals, assigning error to the trial court's denial of his motion to dismiss the charges on the basis that the prosecution was not commenced within the limitations periods for those offenses. The state concedes the error, we agree, and we vacate and remand.
Under ORS 131.125(8), a prosecution for felony DUII must be commenced within three years of the commission of the offense, and for criminal driving while suspended-a misdemeanor-within two years. "A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." ORS 131.135. "Process," as used in ORS 131.135, means "a warrant, summons, or writ, that is, a legal instrument that requires the person to appear in court to respond to a charge or complaint." State v. Williams , 232 Or. App. 303, 306, 222 P.3d 31 (2009). A prosecution is not commenced within the meaning of ORS 131.135 by the filing of an information or indictment. Id .
The acts here were committed in November 2011. Defendant was charged by information in February 2012. The trial court issued an arrest warrant for defendant in March 2012, but it was not executed until March 2016-more than four years after the commission of the offenses. Defendant moved to dismiss on the basis that the prosecution was untimely, arguing that it had not commenced within the limitations periods for the offenses because, although a warrant had been issued, it had not been executed without unreasonable delay. The state did not present any evidence at the hearing about what steps, if any, it took to attempt to execute the warrant. The trial court denied the motion, concluding that the prosecution had commenced when the warrant was issued.
On appeal, defendant assigns error to that ruling, arguing that the state did not establish that the prosecution had commenced within the limitations periods. The state concedes that the trial court erred when it ruled that the *600 prosecution had commenced when the warrant was issued. We agree and accept the state's concession.
As to the disposition, the parties agree that the case should be remanded to the trial court. The state argued below that the limitations periods were tolled pursuant to ORS 131.145(2) during periods when defendant was not residing in the state or was hiding *748 within the state to avoid service of process. The trial court did not rule on that issue. Defendant acknowledges that there was conflicting evidence and that, "[b]ecause the trial court did not resolve those conflicts * * *, this court should vacate the judgment and remand for the trial court to consider that issue in the first instance." We agree.
Vacated and remanded.